UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SEAN MICHAEL RYAN,

        Plaintiff,                  Case No. 1:11-cv-1247

v.                                         Honorable Gordon J. Quist

ROD O'FARRELL,

        Defendant.
_____/

**OPINION**

This is an action brought by a state prisoner proceeding *pro se*. The Court has granted Plaintiff's application for leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff, Sean Michael Ryan, is a state prisoner incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility in Ionia, Michigan. He sues Rod O'Farrell, an attorney practicing out of Saginaw, Michigan. In 2010, Plaintiff was convicted

in Saginaw County Circuit Court of seven counts of first-degree criminal sexual conduct involving a person under the age of 13, MICH. COMP. LAWS § 750.520b(1)(a). He was sentenced to 25 to 50 years of incarceration for each count.[1]

According to the docket for Plaintiff's criminal proceedings, Defendant O'Farrell was Plaintiff's court-appointed attorney for those proceedings. (*See* Ex. 3, docket #1-1, Page ID#9.) In his complaint, Plaintiff contends that Defendant violated Plaintiff's constitutional right to effective assistance of counsel under the Sixth Amendment. In support of his claim, Plaintiff alleges that Defendant: (1) did not file for discovery; (2) did not investigate the facts surrounding the case; (3) did not investigate the facts surrounding Plaintiff's allegedly coerced confession; (4) did not put forth a substantial defense; (5) failed to interview six witnesses and present them on Plaintiff's behalf; (6) failed to object to prosecutorial misconduct; (7) failed to interview the victim prior to trial; (8) failed to impeach the prosecution's witnesses; (9) failed to obtain police records for impeachment purposes; (10) failed to obtain records pertaining to the victim; (11) failed to raise the issue of Plaintiff's illegal arrest; (12) waited until the day before trial to obtain the victim's school records; (13) did not object to entry of physical evidence; (14) failed to obtain case law to support Plaintiff's claim that his statement was coerced; (15) failed to argue that the jury was entitled to see the entire confession; (16) did not hold the prosecutor to his burden of showing an emergency for the delay in the arraignment; (17) did not refer to case law in a motion for a new trial; (18) did not move for an expert or an investigator; (19) failed to "preserve" violations of the Fourth and Fifth Amendments; (20) did not object that the physical evidence was tainted due to mishandling; (21) did not object that certain physical evidence did not match a description in a police report; (22) did

---

[1] The details of Plaintiff's conviction and sentences were obtained from the MDOC's Offender Tracking Information System at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=787263.

not object to introduction of physical evidence as prejudicial; (23) did not object when the jury was allowed to view the physical evidence during deliberations; and (24) did not "subject [the] prosecution[']s case to any serious adversarial testing." (Compl., docket #1, Page ID##3, 7.)

Plaintiff contends that Defendant's "constitutional violations and malpractice" caused Plaintiff to be found guilty of the crimes for which he was charged. (Compl., Page ID#7.) As relief, Plaintiff requests compensatory and punitive damages, including the "max limmits [sic] of state legal malpractice claim if I'm allowed to bring that as well." (Compl., Page ID#4.)

## Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

       Plaintiff's complaint does not identify a legal basis for a federal claim, though his claim that Defendant violated his constitutional rights is akin to a civil rights claim under 42 U.S.C. § 1983. Thus, construing Plaintiff's complaint liberally, the Court will assume that Plaintiff brings his action under § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

       Plaintiff sues an attorney appointed to represent him in criminal proceedings. The Supreme Court has held that a lawyer representing a client "is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). "This is true even of cases in which a private attorney has been assigned to represent an indigent defendant." *Id.* at 318 n.7. Moreover, the "adversarial relationship of a public defender with the State" prevents the attorney's employment by the state, in and of itself, from rendering the attorney a state actor for purposes of § 1983. *Georgia v. McCollum*, 505 U.S. 41, 54 (1992). Instead, "the determination whether a public defender is a state actor for a particular purpose depends on the nature and context of the function he is performing." *Id.* Thus, "a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant." *Id.* at 53. On the other hand, when a public defender engages in "administrative, and possibly investigative, functions," such conduct may qualify as state

action. *Id.* at 54 (referring to "personnel decisions on behalf of the State" as an administrative function). In *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592 (6th Cir. 2007), the Sixth Circuit determined that a public defender's "across-the-board policy or custom of doing nothing to protect its indigent clients' constitutional rights" qualified as state action. *Id.* at 612. The court reasoned that such a policy undermined the adversarial relationship between the state and the public defender such that the public defender's failure to protect such rights served the state's interest rather than the interest of the public defender's clients. *Id.* at 613.

Plaintiff's claim falls squarely under the general rule set forth in *Polk County*. Plaintiff's allegations concern Defendant's general representation of Plaintiff during the course of Plaintiff's criminal proceedings. None of Plaintiff's allegations indicate that Defendant was engaged in administrative or other functions on behalf of the state when he allegedly failed to provide effective representation to Plaintiff. Moreover, Plaintiff does not allege that Defendant's conduct was the result of a policy or custom of the state serving the state's interests. Therefore, Plaintiff fails to state a § 1983 claim because Defendant was not a state actor for purposes of § 1983.

Even if Plaintiff had otherwise stated a § 1983 claim, it would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Assuming Defendant's conduct deprived Plaintiff of his Sixth Amendment right to effective assistance of counsel, and thereby altered the outcome of his criminal proceedings, Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his § 1983 action is barred under *Heck* until his criminal conviction has been invalidated.

      II.      <u>Supplemental Jurisdiction</u>

To the extent Plaintiff asserts claims under state law, this Court declines to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3). The Court does not have original jurisdiction over a state-law malpractice claim between two Michigan residents. *See* 28 U.S.C. § 1331 (A state-law claim is not an action "arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a)(1) (requiring diversity of citizenship to invoke diversity jurisdiction). The Sixth Circuit has indicated that, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of North Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991). Accordingly, Plaintiff's state law claims will be dismissed without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). Because the action will be dismissed, the Court will deny Plaintiff's motion for discovery (docket #4) as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.


Dated:  January 6, 2012               /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE